

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00219-CR

———————————————————

GRADY GENE VAUGHN, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CR16-0367

Before Bassel, Birdwell, and Womack, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant Grady Gene Vaughn appeals from the trial court's judgment revoking his community supervision and sentencing him to nine years and six months' confinement. After reviewing the record in accordance with *Anders*, we affirm.

A grand jury indicted Vaughn for the offense of failing to register as a sex offender. *See generally* Tex. Code Crim. Proc. Ann. art. 62.102. Under the terms of a plea-bargain agreement, Vaughn pleaded guilty to the offense in October 2016, and the trial court deferred adjudicating his guilt and placed him on five years' deferred-adjudication community supervision. The trial also imposed a nonsuspended $1,000 fine.

In June 2017, the State filed a motion to proceed to adjudication, alleging that Vaughn had violated nine conditions of his community-supervision conditions. In March 2018, Vaughn pleaded true to violating the conditions of his community supervision, and the trial court accepted Vaughn's pleas of "true," adjudicated him guilty of the offense of failing to register as a sex offender, sentenced him to ten years' imprisonment and ordered him to pay the "previously assessed fines and costs," suspended the confinement portion of the sentence, and placed him on ten years' community supervision.

In January 2019, the State moved to revoke Vaughn's community supervision, alleging that he had violated the following conditions of his community supervision: (d) failed to timely report to a community-supervision officer in November 2018;

(m) failed to timely make a monthly payment towards his court costs, restitution, fine, and legal fee reimbursement from April through December 2018; (n) failed to timely pay his monthly community-supervision fee from July through December 2018; (o) failed to participate in a community-service work program as ordered; and (p) failed to abstain from the use of all controlled substances by using Xanax on or about September 8, 2018. The State later waived alleged violations (m) and (n). Vaughn pleaded "true" to the remaining violations. At the hearing on the State's motion to revoke in June 2019, the trial court accepted Vaughn's pleas of "true" and found the violations to be true; revoked Vaughn's community supervision; and sentenced him to nine years and six months' confinement, "allowing for unpaid assessments, court cost, and credit against the sentence as set forth in the judgment."[1]

Vaughn's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). In compliance with *Kelly v. State*, counsel notified Vaughn of the motion to withdraw, provided him a copy of the brief, informed him of his right to file a pro se response, informed him of his pro se right to seek

---

[1] The trial court issued a judgment nunc pro tunc stating that the judgment revoking community supervision contained an error when it showed "Fine Previously Assessed but Unpaid: $N/A" and corrected the error so that the judgment reflected "Fine Previously Assessed but Unpaid: $1,000.00."

3

discretionary review should this court hold that the appeal is frivolous, and took concrete measures to facilitate Vaughn's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Vaughn had the opportunity to file a pro se response to the *Anders* brief but has not done so.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: January 30, 2020

4